# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Robert A. Najarian,<br>　　　Debtor. | Case No.  11-14684-JNF<br><br>Chapter 7 |

**Order on Motion of Chapter 7 Trustee For Authority To Sell Estate Property, Real Estate Located at 110 Riverview Lane, Centerville, Massachusetts, at Private Sale Pursuant To 11 U.S.C. § 363,**

Warren E. Agin, (the "Trustee"), the chapter 7 trustee duly appointed to administer the bankruptcy estate above-named debtor (the "Debtor"), having filed a *Motion of Chapter 7 Trustee For Authority To Sell Estate Property, Real Estate Located at 110 Riverview Lane, Centerville, Massachusetts, at Private Sale Pursuant To 11 U.S.C. § 363, and Request for a Hearing on or Before April 1, 2016"* (the "Sale Motion"), and the Court having issued a Notice of Sale, the motion and notice, deadline for filing objections, and deadline for counter-offers having been duly noticed and a certificate of service filed, higher offers having been received by the Court, no objections having been filed, a hearing having been held, and all higher offers and bids having been duly considered, the Court hereby makes the following findings of fact:

1. The property of the Debtor's bankruptcy estate includes certain real estate known as 110 Riverview Lane, Centerville, Massachusetts, as more specifically described in a certain deed from Robert A. Najarian, Trustee

of Najarian Realty Trust to Robert A. Najarian recorded with the Barnstable County Registry of Deeds at Book 19936, Page 242 (the "Real Estate").

2. Pursuant to 11 U.S.C. § 541, upon the filing of the Debtor's bankruptcy petition on May 17, 2011, the Debtor's interest in the Real Estate became property of the Debtor's bankruptcy estate and subject to administration by the Trustee.

3. The Real Estate is subject to a valid, perfected lien to Wells Fargo Bank, N.A, as trustee for the holders of SARM 2005-17 Trust Fund, securing a debt that exceeds the value of the Real Estate.

4. Wells Fargo Bank, N.A, has consented to the sale of the Real Estate, and agreed that the Trustee may retain approximately $20,200.00 for the benefit of the estate (the "Bankruptcy Estate Fee"), with the potential for this amount to increase based upon the final sale price if agreed to by Wells Fargo Bank, N.A.  This amount will be paid from proceeds otherwise due to Wells Fargo Bank, N.A. on account of its lien.

5. The Court held an auction for the Real Estate on March 31, 2016, at which two bidders appeared.

6. The highest and best bid was the bid of Kirill and Irina Jacobson in the amount of $405,000.00.

7. The second highest and best bid was the bid of Denise and Stephen Fitzpatrick in the amount of $345,002.00.

The Court hereby orders, pursuant to 11 U.S.C. §§105 and 363 that:

1. Notice is sufficient as served in accordance with the Sale Motion;

2. the Trustee's Sale Motion is hereby allowed;

3. the Trustee is hereby authorized to sell the Real Estate to Kirill and Irina Jacobson (the "Buyers") for $405,000.00, free and clear of all liens, claims, encumbrances, or interests including, without limitation, the following identified potential lienholders:

| Lienholder | Nature of Lien | Book and Page at *Barnstable County Registry of Deeds* |
|---|---|---|
| Wells Fargo Bank, N.A, as Trustee for the holders of SARM 2005-17 Trust Fund | Senior Mortgage | Book 19797, Page 172 and assigned at Book 27408, Page 35 |
| PNC Bank f/k/a National City Bank | Junior Mortgage | Book 20674, Page 205 |
| Town of Barnstable | All municipal liens or betterments, if any | |
| Internal Revenue Service | All federal tax liens, if any | |

4. such claims, to the extent valid and perfected, shall attach to the proceeds of the sale, in their respective orders of priority, to be paid as set forth herein or as otherwise determined by this Court;

5. if the Buyers fail to close the sale pursuant to the terms of the Sale Motion, the Trustee is hereby authorized to sell the Real Estate to Denise and Stephen Fitzpatrick for $345,002.00, without further motion or order of the Court;

6. the Trustee is hereby authorized pursuant to 11 U.S.C. §506(c), to make the following distributions immediately and directly from proceeds from the sale of the Real Estate, at the time of closing, without further order of this Court:

   a. a shared broker's fees in the amount of $24,300.00 (representing 6% of the gross sales price) to Flagship Homes and BK Global Real Estate Services;

   b. any reasonable and necessary expenses incurred by Flagship Homes in connection with the sale of the Real Estate;

   c. any amounts owed to Town of Barnstable on account of real estate taxes and municipal utilities;

   d. any and all usual and customary seller attributable expenses related to the closing, as reflected in any settlement statement prepared in connection with the closing.

7. After paying the broker's fees, usual and customary seller expenses, real estate taxes, and municipal utilities, the Trustee is authorized to retain the Bankruptcy Estate Fee for the benefit of bankruptcy estate, before paying Wells Fargo Bank, N.A, as trustee for the holders of SARM 2005-17 Trust Fund the remaining proceeds from the sale of the Real Estate on account of its lien;

8. the Trustee is hereby authorized and empowered to take such further actions as are necessary, appropriate or desirable to consummate the transactions provided for or contemplated by the Sale Motion and this

      order; and

9. this order shall be effective immediately when entered by the Court, notwithstanding Fed. R. Bankr. P. 6004(h).

Dated: _____.

 

_____
Hon. Joan N. Feeney
United States Bankruptcy Court Judge